IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

      Plaintiff,            CV F 07 0604 OWW WMW PC

  vs.                   ORDER RE MOTION (DOC 6)

EL DORADO HILL, et al.,

      Defendants.

      Plaintiff, a state prisoner proceeding pro se in a civil rights action, has filed a motion to recuse the U.S. District Judge assigned to this case.  Plaintiff brings his motion pursuant to 28 U.S.C. § 455.   Plaintiff seeks recusal on the ground that the undersigned has made rulings adverse to Plaintiff in other cases that Plaintiff has brought.

      Section 455 provides that a judge shall disqualify him or herself in which their impartiality might reasonably be questioned.   The substantive standard for recusal  under 28 U.S.C. §455, is: "[W]hether a reasonable  person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997) citing <u>Unites States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from and "extrajudicial source." <u>Liteky v. United States</u>, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis

for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a basis for motions to disqualify).

Plaintiff seeks recusal solely on the ground of unfavorable rulings. Plaintiff contends that such rulings constitute bias. Plaintiff's conclusory allegations of bias fail to establish legally sufficient grounds for recusal. See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir. 1993)(concluding that speculative assertions of invidious motive are insufficient to show judicial bias). The Court finds that Plaintiff's motion fails to meet the standard set forth above. That Plaintiff received an unfavorable ruling does not demonstrate bias.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse the undersigned District Judge pursuant to 28 U.S.C. § 455 is denied.

IT IS SO ORDERED.

**Dated:   March 7, 2008**             /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE