IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


JOHNNY EARL EVANS,

          Plaintiff,                          CV F 07 0604 OWW WMW PC

          vs.                                 ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO
                                              FILE AN AMENDED COMPLAINT


EL DORADO HILL, et al.,

          Defendants.




          Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C.

§ 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

§ 636(b)(1).

          This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the

California Department of Corrections and Rehabilitation at Centinela State Prison, brings this

civil rights action against defendant correctional officials employed by the CDCR at Kern Valley

State Prison.  The allegations that give rise to this complaint occurred while Plaintiff was housed

at Kern Valley State Prison.

          Plaintiff's allegations in this action stem from his difficulties in gaining access to the law

library and legal research materials.  Plaintiff's central claim in this case is that he is denied

adequate access to the law library, such that it prohibits him from prosecuting his various legal

1   actions.   Plaintiff names the following individual defendants: El Dorado Hill, Acting Director of

2   the CDCR; G. M. Galaza, Acting Warden at Kern Valley State Prison; Norman Olsen, Senior

3   Librarian at Kern Valley State Prison; David Risenhoover, Supervisor of Vocation at Kern

4   Valley State Prison.

5        Plaintiff recites the following difficulties he experienced while at Kern Valley State

6   Prison.  On July 24, 2005, he filed an inmate grievance, "complaining that there was no legal

7   library to research in and he needed access to a law library six hours a week."  The response by

8   Defendant Olsen advised Plaintiff that "the library will be open soon for obtaining court address,

9   legal copies and mail etc.  You will be ducated at the next opportunity to the library, where you

10   can request copies of legal materials, which must be brought in from another library."

11        On August 15, 2005, Plaintiff filed his grievance at the next level.  Plaintiff specified that

12   he was in the process of "preparing my criminal appeal to be refiled in the court."  Plaintiff stated

13   that he needed access to legal authority.   The next day, Plaintiff was placed in Administrative

14   Segregation on an unrelated matter.  On September 2, 2005, Defendants Olsen and Risenhoover

15   interviewed Plaintiff, and provided Plaintiff access to the law library through the institution's

16   paging procedure.  They agreed that Plaintiff would have access to blank paper, proof of service

17   forms and a tort complaint form.  Plaintiff alleges that he was never provided that material.

18        The facility where Plaintiff was housed at Kern Valley did not have any law books,

19   forms, or computers until February of 2006.  Plaintiff alleges that when the materials were

20   received, he was able to gain law library access.   In February of 2006, Plaintiff filed a grievance,

21   complaining that there were only three computers for a thousand prisoners.  Plaintiff also

22   complained of other deficiencies: the library could only seat ten prisoners at a time; Plaintiff was

23   only provided access for two hours a week; there was not a subscription to the Daily Appellate

24   Report, U.S. Law Week, or anything else to advise on current state and federal law; no Shepard's

25   citation materials; no Judicial Council forms.  Plaintiff alleges that he could not research and

26

1  prepare a "meaningful civil application" because of the inability to research administrative

2  regulations related to corrections.

3       On March 7, 2006, Plaintiff asked Defendant Olsen to shepardize a section of the

4  California Administrative Code.  Plaintiff refers to a disciplinary charge he suffered for inciting

5  other prisoners, and he needed legal materials to research the code section that he was charged

6  with violating.

7       On March 10, 2006, Plaintiff attempted to file a small claim in the Kern County Superior

8  Court, challenging the conduct of Defendant Gricewich, the Appeals Coordinator.  Gricewich

9  rejected a grievance filed by Plaintiff because it did not include the appropriate form.  The Kern

10  County Superior Court rejected Plaintiff's attempt to file a small claim, as he did not use the

11  appropriate form.

12       On March 21, 2006, Plaintiff requested access to the law library.   Plaintiff specifically

13  needed a small claims form.   On March 27, 2006, Plaintiff again requested access to the library

14  and a small claims form, which was never provided.   Plaintiff wrote a letter to the Warden.

15  Plaintiff received a response from the Warden's secretary, indicating that "you have filed (8)

16  legal appeals and not one addresses this issue.  You must utilize the appeal process."

17       On May 5, 2006, Plaintiff filed a civil complaint in Bakersfield.  The complaint was

18  rejected due to an incomplete fee waiver.  Plaintiff was instructed to file the complaint in

19  McFarland.  Plaintiff was "uncertain how to file his complaint."  Plaintiff filed an inmate

20  grievance, which was granted at the first level of review.  Plaintiff alleges that he never received

21  a small claim form, or the six hours a week law library access that he sought.  Plaintiff also

22  alleges that there is no staff trained in assisting prisoners.

23       On February 6, 2007, plaintiff requested copies of cases, using the paging system.

24  Plaintiff sought permission to use the law library to make copies and to conduct research in a

25  pending civil complaint.   Defendant Olsen advised Plaintiff that he (Olsen) "is not obligated to

26

3

1   copy cases."   On February 28, 2007, Plaintiff made the same request, citing Lewis v. Casey, 116

2   S.Ct. 2174.  Plaintiff also requested paper "and to make copies of an injunction motion."

3   Plaintiff did not receive a response.   On March 28, 2007, Plaintiff was provided law library

4   access for two hours.   Plaintiff claims that the two hour a week policy has deprived him of

5   "adequate time to do meaningful research and of the capability to file a meaningful application in

6   the courts."

7           To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

8   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer

9   v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a

10  plaintiff must allege that: (1) a person was acting under color of state law at the time the

11  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

12  privileges or immunities secured by the Constitution or laws of the United States.  Paratt

13  v.Taylor, 451 U.S. 527, 535 (1981).

14          The statute plainly requires that there be an actual connection or link between the actions

15  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

16  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

17  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

18  right, within the meaning of section 1983, if he does an affirmative act, participates in another's

19  affirmative acts or omits to perform an act which he is legally required to do that causes the

20  deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

21  1978).

22          Because states must ensure indigent prisoners meaningful access to the courts,

23  prison officials are required to provide either (1) adequate law libraries, or (2) adequate

24  assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under

25  prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging

26

4

deprivation of the <u>Bounds</u> minima need not allege actual injury to state a constitutional claim. <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  <u>Casey v. Lewis</u>, 518 U.S.343  (1996).

To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  <u>Casey</u>, <u>supra</u>, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to <u>discover</u> grievances" or to "<u>litigate effectively</u> once in court."  The <u>Casey</u> Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Casey</u>, <u>supra</u>, 518 U.S. at 346.

Here, the Court finds Plaintiff's allegations to be vague.  Specifically, Plaintiff has not alleged facts indicating that he has suffered actual injury as that term is defined above.  Plaintiff refers to various legal actions, and makes vague references to a civil complaint.  That Plaintiff has difficulty in gaining access to conduct legal research, or that Plaintiff, in his view, does not have time to conduct adequate legal research, does not subject Olsen to liability.

In order to hold a named defendant liable, Plaintiff must charge that defendant with conduct that caused him actual injury within the meaning of <u>Casey</u>.  Plaintiff offers no specifics regarding the nature of his civil complaint.   As to the criminal charge Plaintiff is challenging, it appears that Plaintiff is challenging a prison disciplinary process.  There are no facts alleged that Plaintiff was found guilty, and that the result would have been different had Plaintiff been able to

conduct legal research regarding the regulation at issue.   Plaintiff may not hold defendants liable by conclusory allegations that two hours a week in the law library is not enough time to conduct research.  Plaintiff must allege facts that link the conduct of each named defendant to an injury suffered by Plaintiff as that term is defined in <u>Casey</u>.  Plaintiff has failed to do so here.

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

1    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2    original complaint, each claim and the involvement of each defendant must be sufficiently

3    alleged.

4                  In accordance with the above, IT IS HEREBY ORDERED that:

5                  1.  Plaintiff's complaint is dismissed; and

6                  2.  Plaintiff is granted thirty days from the date of service of this order to file a

7    first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

8    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

9    docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

10   file an amended complaint in accordance with this order will result in a recommendation that this

11   action be dismissed.

12

13

14   IT IS SO ORDERED.

15   **Dated:**    **April 10, 2008**                   **/s/  William M. Wunderlich**

                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26