IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

    Plaintiff,                             1:07 CV 00604 OWW YNP SMS (PC)

    vs.                                   FINDINGS AND RECOMMENDATION

EL DORADO HILL, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Centinela State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison.  The allegations that give rise to this complaint occurred while Plaintiff was housed at Kern Valley State Prison.

       Plaintiff's allegations in this action stem from his difficulties in gaining access to the law library and legal research materials.  Plaintiff's central claim in this case is that he is denied adequate access to the law library, such that it prohibits him from prosecuting his various legal actions.  Plaintiff names the following individual defendants: El Dorado Hill, Acting Director of

the CDCR; G. M. Galaza, Acting Warden at Kern Valley State Prison; Norman Olsen, Senior Librarian at Kern Valley State Prison; David Risenhoover, Supervisor of Vocation at Kern Valley State Prison.

Plaintiff recites the following difficulties he experienced while at Kern Valley State Prison. On July 24, 2005, he filed an inmate grievance, "complaining that there was no legal library to research in and he needed access to a law library six hours a week." The response by Defendant Olsen advised Plaintiff that "the library will be open soon for obtaining court address, legal copies and mail etc. You will be ducated at the next opportunity to the library, where you can request copies of legal materials, which must be brought in from another library."

On August 15, 2005, Plaintiff filed his grievance at the next level. Plaintiff specified that he was in the process of "preparing my criminal appeal to be refiled in the court." Plaintiff stated that he needed access to legal authority. The next day, Plaintiff was placed in Administrative Segregation on an unrelated matter. On September 2, 2005, Defendants Olsen and Risenhoover interviewed Plaintiff, and provided Plaintiff access to the law library through the institution's paging procedure. They agreed that Plaintiff would have access to blank paper, proof of service forms and a tort complaint form. Plaintiff alleges that he was never provided that material.

The facility where Plaintiff was housed at Kern Valley did not have any law books, forms, or computers until February of 2006. Plaintiff alleges that when the materials were received, he was able to gain law library access. In February of 2006, Plaintiff filed a grievance, complaining that there were only three computers for a thousand prisoners. Plaintiff also complained of other deficiencies: the library could only seat ten prisoners at a time; Plaintiff was only provided access for two hours a week; there was not a subscription to the Daily Appellate Report, U.S. Law Week, or anything else to advise on current state and federal law; no Shepard's citation materials; no Judicial Council forms. Plaintiff alleges that he could not research and prepare a "meaningful civil application" because of the inability to research administrative

regulations related to corrections.

On March 7, 2006, Plaintiff asked Defendant Olsen to shepardize a section of the California Administrative Code.  Plaintiff refers to a disciplinary charge he suffered for inciting other prisoners, and he needed legal materials to research the code section that he was charged with violating.

On March 10, 2006, Plaintiff attempted to file a small claim in the Kern County Superior Court, challenging the conduct of Defendant Gricewich, the Appeals Coordinator.  Gricewich rejected a grievance filed by Plaintiff because it did not include the appropriate form.  The Kern County Superior Court rejected Plaintiff's attempt to file a small claim, as he did not use the appropriate form.

On March 21, 2006, Plaintiff requested access to the law library.   Plaintiff specifically needed a small claims form.   On March 27, 2006, Plaintiff again requested access to the library and a small claims form, which was never provided.   Plaintiff wrote a letter to the Warden.  Plaintiff received a response from the Warden's secretary, indicating that "you have filed (8) legal appeals and not one addresses this issue.  You must utilize the appeal process."

On May 5, 2006, Plaintiff filed a civil complaint in Bakersfield.  The complaint was rejected due to an incomplete fee waiver.  Plaintiff was instructed to file the complaint in McFarland.  Plaintiff was "uncertain how to file his complaint."  Plaintiff filed an inmate grievance, which was granted at the first level of review.  Plaintiff alleges that he never received a small claim form, or the six hours a week law library access that he sought.  Plaintiff also alleges that there is no staff trained in assisting prisoners.

On February 6, 2007, plaintiff requested copies of cases, using the paging system.  Plaintiff sought permission to use the law library to make copies and to conduct research in a pending civil complaint.   Defendant Olsen advised Plaintiff that he (Olsen) "is not obligated to copy cases."   On February 28, 2007, Plaintiff made the same request, citing Lewis v. Casey, 116

S.Ct. 2174.  Plaintiff also requested paper "and to make copies of an injunction motion." Plaintiff did not receive a response.   On March 28, 2007, Plaintiff was provided law library access for two hours.   Plaintiff claims that the two hour a week policy has deprived him of "adequate time to do meaningful research and of the capability to file a meaningful application in the courts."

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.

Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

In an order entered on April 10, 2008, Court found Plaintiff's allegations to be vague.  Specifically, Plaintiff had not alleged facts indicating that he suffered actual injury as that term is defined above.  Plaintiff referred to various legal actions, and made vague references to a civil complaint.  That Plaintiff had difficulty in gaining access to conduct legal research, or that Plaintiff, in his view, did not have time to conduct adequate legal research, did not subject Olsen to liability.

Plaintiff was advised that in order to hold a named defendant liable, Plaintiff must charge that defendant with conduct that caused him actual injury within the meaning of Casey.  Plaintiff offers no specifics regarding the nature of his civil complaint.   As to the criminal charge Plaintiff is challenging, it appears that Plaintiff is challenging a prison disciplinary process.  There are no facts alleged that Plaintiff was found guilty, and that the result would have been different had

5

Plaintiff been able to conduct legal research regarding the regulation at issue.  Plaintiff was advised that he may not hold defendants liable by conclusory allegations that two hours a week in the law library is not enough time to conduct research.  Plaintiff must allege facts that link the conduct of each named defendant to an injury suffered by Plaintiff as that term is defined in Casey.  Plaintiff has failed to do so here.

On June 11, 2008, Plaintiff filed the first amended complaint that is now before the Court.  In the first amended complaint, Plaintiff is more specific regarding that actions that he is pursuing.  Plaintiff refers to small claims actions that he attempted to pursue, but was denied the requisite forms.  Plaintiff requested a "small claims package" from Mr. Olsen, but Olsen never provided the forms.  Plaintiff also sets forth allegations regarding the prison grievance process. Plaintiff attempted to pursue a grievance regarding the small claims forms.

Plaintiff does not, however, allege any facts indicating that he attempted to file a prisoner civil rights complaint and was frustrated in that attempt within the meaning of Casey.  An allegation that Plaintiff was unable to file a small claims action, of itself, does not state a claim for relief for an unconstitutional denial of access to the courts within the meaning of Bounds or Casey.  There are no allegations that Plaintiff was subjected to unconstitutional conditions of confinement, or that he was prevented from challenging that condition.  Plaintiff has not allegef facts that cure the defects identified in the order dismissing the original complaint.

Because Plaintiff has not filed an amended complaint that cures the defects identified in the original complaint, the Court recommends dismissal of the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 22, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

7